UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| Z.P., *a minor, by his mother, R.S.*,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:19-cv-00207-JMS-DML |
| ) | |
| ANDREW SAUL, *Commissioner of the Social Security Administration*, ) ) | |
| ) | |
| Defendant. ) | |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff R.S., on behalf of Z.P., her minor son, appeals the termination and denial of supplemental security income ("SSI") benefits. On June 4, 2012, the Social Security Administration ("SSA") found that Z.P. was disabled due to social and cognitive developmental delays and granted benefits effective January 1, 2012. [*See* Filing No. 7-2 at 18-21.] However, on January 6, 2016, the SSA determined that Z.P. was no longer disabled because of medical improvement and terminated his benefits. [Filing No. 7-5 at 2.] That determination was upheld on reconsideration. [Filing No. 7-5 at 32.] Administrative Law Judge Dwight D. Wilkerson (the "ALJ") held a hearing on April 11, 2018. [Filing No. 7-2 at 46-70.] The ALJ issued a decision on October 15, 2018, concluding that Z.P.'s disability ended as of January 6, 2016, and that he is not otherwise disabled. [Filing No. 7-2 at 18-42.] The Appeals Council denied a request for review, [Filing No. 7-2 at 4-7], rendering the ALJ's decision the final decision of the SSA for purposes of judicial review. 20 C.F.R. § 404.981. R.S., proceeding *pro se*, filed this action on behalf of Z.P.

---

[1] To protect the minor claimant's privacy pursuant to Fed. R. Civ. P. 5.2, the Court uses the minor's and his mother's initials only.

pursuant to 42 U.S.C. § 405(g), asking the Court to review the ALJ's decision. [Filing No. 1.]

# I.
## STANDARD OF REVIEW

"Social security disability benefits are designed for disabled workers, but low-income parents [or guardians] may obtain them on behalf of disabled children as well." *Keys v. Barnhart*, 347 F.3d 990, 991 (7th Cir. 2003). For a child to be considered disabled, it must be shown that the child "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). A child's continued eligibility for benefits must be reviewed periodically. 20 C.F.R. § 416.994a(a). All submitted evidence will be considered and decisions will be made "on a neutral basis, without any initial inference as to the presence or absence of disability being drawn from the fact that [the child has] been previously found disabled." 20 C.F.R. § 416.994a(a)(2).

To decide whether a child's disability continues or has stopped, the SSA uses a five-step process.[2] 20 C.F.R. § 416.994a(b). First, it must be determined whether there has been medical improvement in the child's impairment or impairments since the last favorable decision. 20 C.F.R. § 416.994a(b)(1). If there has been no medical improvement, the child is still disabled. *Id.*

If there has been medical improvement, the second step is to determine whether the impairment or impairments still meet or equal the severity of the listed impairment that was met or equaled before. 20 C.F.R. § 416.994a(b)(2). If the impairment or impairments still meet or equal the severity of that listed impairment, the child is still disabled. *Id.*

---

[2] In his opinion, the ALJ refers to a three-step process. This is the same standard, although the Court will trifurcate the analysis that the ALJ terms "step three" into three separate steps (steps three, four, and five) in the interest of clarity.

2

If the impairment no longer meets or equals the severity of the listed impairment previously met, the third step is to determine if the child is currently disabled. 20 C.F.R. § 416.994a(b)(3). In making that determination, all impairments the child now has will be considered. *Id.* Specifically, it must be determined whether the child's current impairment or impairments are severe. *Id.* If the impairments are not severe, the child is no longer disabled. *Id.*

If the current impairments are severe, the fourth step is to determine whether they meet or medically equal the severity of a listed impairment. 20 C.F.R. § 416.994a(b)(3)(ii). If the child meets or medically equals a listed impairment, the child will be considered disabled. *Id.*

If the child does not meet or medically equal a listing, the fifth step is to determine if the child's condition "functionally equals" a listing. 20 C.F.R. § 416.994a(b)(3)(iii). To determine if a child's impairment or combination of impairments functionally equals a listing, the child's functioning must be assessed in terms of six broad functional areas or "domains" intended to capture all of what a child can and cannot do: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). Generally, a child establishes functional equivalence to a listing by showing "'marked' limitations in two domains of functioning, or an 'extreme' limitation in one domain." 20 C.F.R. § 416.926a(a). A "marked" limitation interferes "seriously" with a child's ability to initiate, sustain, or complete activities in the domain, and an "extreme" limitation interferes "very seriously." 20 C.F.R. § 416.926a(e)(2). If a child does not have marked limitations in at least two domains, or extreme limitations in one domain, the child does not functionally equal a listing and is not disabled. 20 C.F.R. § 416.924a(d). But if a child's current impairment or impairments functionally equal a listing, the child will be considered disabled. 20 C.F.R. § 416.994a(b)(3)(iii).

This Court's role in reviewing a disability decision is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's findings. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). Moreover, "[a]n ALJ may not select and discuss only that evidence that favors his ultimate conclusion, but must articulate, at some minimum level, his analysis of the evidence to allow the [Court] to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995).

If the ALJ committed no legal error and substantial evidence supports the ALJ's decision, the Court must affirm the denial of benefits. Otherwise, the Court must generally remand the matter back to the SSA for further consideration; only under rare circumstances can the Court order an award of benefits. *See Briscoe v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).

While an ALJ does have a heightened duty to develop the record when a claimant is unrepresented by counsel, the claimant is not absolved of all responsibility for making the record. *Johnson v. Barnhart*, 449 F.3d, 804, 808 (7th Cir. 2006). After all, "who is in a better position to provide information about his own medical condition," than the party. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). A court generally upholds the reasoned judgment of an ALJ on how much evidence to gather, even when the claimant lacks representation. *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009); *Binion v. Shalala,* 13 F.3d 243, 246 (7th Cir. 1994). "Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant

a remand." *Binion,* 13 F.3d at 246. In order to obtain a remand for failure to develop the record, "a claimant must set forth specific, relevant facts—such as medical evidence—that the ALJ did not consider." *Nelms*, 553 F.3d at 1098.

## II.
### RELEVANT BACKGROUND[3]

Z.P. was born in February 2008 to R.S. [Filing No. 7-2 at 46.] R.S. first applied for SSI benefits on behalf of Z.P. in April 2012, when Z.P. was four years old, alleging a disability onset date of August 10, 2009. [Filing No. 7-6 at 2-10.] At that time, evaluations showed that Z.P.'s "skills for attention and memory, and perception and concepts [were] below expected levels." [Filing No. 7-7 at 5.] He was behind his peers in cognitive and personal-social development. [Filing No. 7-7 at 15.] In June 2012, the SSA issued a decision finding Z.P. disabled as of January 1, 2012, because Z.P. met or equaled a listed impairment, namely that of organic mental disorder under Listing 112.11. [*See* Filing No. 7-5 at 19-20.] Since the 2012 finding of disability, Z.P. has been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD") and Oppositional Defiant Disorder ("ODD") and has continued to exhibit behavioral problems, particularly in regard to impulse control and socialization. [*See* Filing No. 7-10 at 2-96.] Z.P. has, however, performed well at school, earning As and Bs, and he has an above-average IQ score. [Filing No. 7-2 at 59; Filing No. 7-9 at 4; Filing No. 7-10 at 10-16.]

Z.P.'s eligibility for continued SSI benefits came up for review. At R.S.'s request, a hearing was held on April 11, 2018 before the ALJ, at which both Z.P. and R.S. testified. [Filing No. 7-2 at 46-70.] After being advised of her right to representation, R.S. proceeded with the hearing

---

[3] The parties' briefs detail facts about medical treatment and counseling that Z.P. has received. Because those facts implicate sensitive and otherwise confidential medical information concerning Z.P., the Court will simply incorporate the facts by reference herein and articulate material facts as needed to resolve the parties' arguments.

unrepresented by counsel. [Filing No. 7-2 at 47; Filing No. 7-5 at 82.] R.S. maintained that Z.P. remained disabled due to ADHD, developmental delay, learning disability, behavioral issues, and ODD. [Filing No. 7-7 at 71.] The ALJ compiled documentary evidence, including medical, treatment, evaluation, and educational records. [*See* Filing No. 7-2 at 39-42 (listing exhibits).]

Using the sequential evaluation set forth by the SSA, the ALJ issued a decision on October 15, 2018, finding as follows:

- At Step One, the ALJ determined that the most recent decision favorable to Z.P. was the June 4, 2012 decision finding Z.P. eligible for SSI benefits. [See Filing No. 7-2 at 21.] At that time, Z.P. had a medically determinable impairment of organic mental disorder, which was found to meet Listing 112.11 of 20 C.F.R. Part 404, Subpart P, Appendix 1. [Filing No. 7-2 at 21.] The ALJ found that Z.P. has experienced medical improvement in this impairment as of January 6, 2016. [Filing No. 7-2 at 22.]

- At Step Two, the ALJ concluded that Z.P.'s mental disorder no longer meets or medically equals the severity of Listing 112.11, and it has not since January 6, 2016. [Filing No. 7-2 at 23.]

- At Step Three, the ALJ found that Z.P. currently suffers from the following severe impairments: ADHD and ODD. [Filing No. 7-2 at 29.]

- At Step Four, the ALJ concluded that Z.P.'s current impairments do not meet or medically equal the severity of a listed impairment. [Filing No. 7-2 at 29.] The ALJ specifically found that Z.P.'s impairments did not meet or equal Listing 112.11 (neurodevelopmental disorders) or Listing 112.08 (personality and impulse-control disorders). [Filing No. 7-2 at 29.]

- At Step Five, the ALJ concluded that Z.P.'s impairments do not functionally equal any Listings, as Z.P. has only one "marked" limitation in the six domains and no "extreme" limitations. [Filing No. 7-2 at 38.]

Accordingly, the ALJ determined that Z.P.'s disability ended January 6, 2016, and that he has not become disabled again since that date. [Filing No. 7-2 at 38.]

R.S., still proceeding *pro se*, filed an appeal, and the Appeals Council denied review on July 6, 2019. [Filing No. 7-2 at 4.] As part of the appeal, R.S. submitted additional treatment and educational records, but the Appeals Council determined this evidence did "not show a reasonable probability that it would change the outcome of the [ALJ's] decision." [Filing No. 7-2 at 5.]

R.S. then filed a *pro se* Complaint with this Court seeking review on behalf of Z.P. [Filing No. 1.] Under the heading "Statement of Claim," R.S. stated that "[t]here was new evidence and documentation of new diagnosis that was not taken into consideration. There was a lot of new paperwork brought forth." [Filing No. 1 at 3.] After the Commissioner filed the Record Transcript, this Court ordered R.S. to file a brief in support of Z.P.'s claim within 28 days. [Filing No. 8.] When more than 28 days passed without a brief, the Court entered a Show Cause Order requiring R.S. to submit a brief by no later than February 10, 2020, or else the Court would dismiss the case for failure to prosecute. [Filing No. 9.]

R.S. timely responded to the Show Cause Order on February 3, 2020 with a letter apologizing for the delay and briefly stating that she disagreed with the Commissioner's decision denying Z.P. benefits. [Filing No. 10.] The portion of the letter addressing the ALJ's decision reads as follows:

> I would like my sons (sic) case to be looked into further and not closed. He has been disabled for his entire life. He started as an infant being developmentally delayed and receiving occupational therapy and speech to help him hit his milestones. I don't believe that he should have been found not disabled. He still

7

> currently has an IEP and is still having developmental and social issues. He does receive special education services during school. The time that Social Security is denying his benefits I want to point out was one of the most trying years for [Z.P.]. I have medical documentation as well as a new medical diagnosis because he had been misdiagnosed all these years. He is now diagnosed with a disability that he will have for the rest of his life.

[Filing No. 10.] The Court entered an Order stating that R.S. had discharged her obligations under the Show Cause Order and allowed her additional time—until March 6, 2020—to file a separate brief in support of her Complaint, but stated that if she did not file a separate brief, the Court would construe her letter response to the Show Cause Order to be her brief. [Filing No. 11 at 1.]

The Court held a status conference on August 3, 2020, at which R.S. appeared. [Filing No. 19.] The Court entered an Order noting that "plaintiff has not filed any support for the appeal beyond the complaint, despite multiple opportunities to do so," but nevertheless the Court granted R.S. an additional 21 days—until August 24, 2020—to file a supporting brief. [Filing No. 19.] R.S. did not file a supporting brief.

### III.
#### DISCUSSION

Construing R.S.'s Complaint, [Filing No. 1], and letter, [Filing No. 10], broadly, R.S.'s arguments can be summarized as follows: (1) the ALJ's decision failed to consider additional evidence not in the record, and (2) the ALJ's decision is wrong because it is not supported by substantial evidence. The Court addresses each argument in turn.

    **A.**    **"New" Evidence**

R.S. contends that she "ha[s] medical documentation as well as a new medical diagnosis because [Z.P.] had been misdiagnosed all these years. He is now diagnosed with a disability that he will have for the rest of his life." [Filing No. 10.] R.S. did not submit any new evidence beyond the supplemental treatment and educational records previously submitted to the Appeals Council.

The Commissioner does not address this issue in his brief.

Sentence six of 42 U.S.C. § 405(g) authorizes courts to remand a case to the Commissioner if "the claimant submits 'new and material evidence' that, in addition to the evidence already considered by the ALJ, makes the ALJ's decision 'contrary to the weight of the evidence' in the record." *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008) (quoting 20 C.F.R. § 404.970(b)). However, "[m]edical evidence postdating the ALJ's decision, unless it speaks to the patient's condition at or before the time of the administrative hearing, could not have affected the ALJ's decision and therefore does not meet the materiality requirement." *Id.* at 484.

R.S. references a "new medical diagnosis" and a "misdiagnosis" in her letter brief but does not submit any corresponding records. [Filing No. 10.] To the extent the referenced records reflect new assessments of Z.P.'s impairments, even if documentation of such a diagnosis were in the record, the proper recourse is to file a new application for benefits, not seek to revisit the current application. *See Getch*, 539 F.3d at 484 ("If Mr. Getch has developed additional impairments, or his impairments have worsened, since his first application for benefits, he may submit a new application."). *See also McFadden v. Astrue*, 465 F. App'x 557, 560 (7th Cir. 2012) (evidence which shows that an impairment has worsened "is not material because it does not describe [the plaintiff's] condition in the period before the ALJ rendered her decision"). And, to the extent the documentation referenced by R.S. weigh on Z.P.'s impairments during the relevant time period by virtue of a misdiagnosis, the records are not before the Court, despite multiple opportunities for R.S. to submit briefing with additional documentation.

Because the ALJ's decision is limited to Z.P.'s impairments at the time of the decision, any new diagnoses or impairments are not properly part of this appeal. Instead, such new impairments must be raised in a new application for benefits. Furthermore, R.S. has not submitted any

9

additional records to the Court that relate to the relevant time period. Therefore, this Court finds that the ALJ did not err by failing to consider new or additional evidence of Z.P.'s impairments,[4] and the Court will review the ALJ's decision based solely on the record evidence.

### B. Substantial Evidence

R.S. argues that she "do[es]n't believe that [Z.P.] should have been found not disabled. He still currently has an IEP and is still having developmental and social issues." [Filing No. 10.]

The Commissioner responds that the ALJ's decision is supported by substantial evidence. [Filing No. 17 at 9.] In particular, the Commissioner argues that the ALJ reasonably determined that Z.P. had no limitation in the domain of acquiring and using information, [Filing No. 17 at 10-12], less-than-marked limitation in the domain of attending and completing tasks, [Filing No. 17 at 13-14], and less-than-marked limitation in the domain of caring for oneself, [Filing No. 17 at 15-17].

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995). The Court "shall not reevaluate the facts, reweigh the evidence, or substitute [its] own judgment for that of the SSA." *Id.* Here, the medical, treatment, evaluation, and educational records concerning Z.P. support the ALJ's determination that Z.P.'s impairments did not qualify him as disabled, and R.S. has not identified any specific determination by the ALJ that she believes is not supported by substantial evidence. Instead, R.S. simply states that she disagrees with the ALJ's conclusion, [*See* Filing No. 10], even though the Court has provided her ample opportunities to file a supporting brief and instructed her to more explicitly set forth the bases for her appeal.

---

[4] To the extent R.S. is arguing that the ALJ erred by not sufficiently developing the record, R.S. has not articulated such a claim with relevant facts and specificity, and this Court rejects such an argument. *See Nelms*, 553 F.3d at 1098.

The ALJ's decision thoroughly analyzes each of the six domains set forth in the SSA regulations and the corresponding evidence supporting the ALJ's conclusions as to each domain. A review of the record shows there is substantial evidence to support the ALJ's conclusions as to each of the six domains, including evaluations by teachers, medical records, treatment notes, psychological evaluations, and testimony by R.S. and Z.P. Therefore, the Court finds that the ALJ's findings are supported by substantial evidence.

## IV.
### Conclusion

For the reasons above, the Court can find no legal basis presented by R.S. to reverse the ALJ's decision that Z.P. was not disabled after January 6, 2016. Therefore, the decision below is **AFFIRMED**. Final judgment shall issue accordingly.

Date: 10/15/2020

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via United States Mail to:**

Rashawn S.
3907 Armstrong Ct., #4
Jeffersonville, IN  47130